UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANTE D. GUY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-835-JTM-JPK |
| STEVEN WHITE, et al., | |
| Defendants. | |

OPINION AND ORDER

Dante D. Guy, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against two defendants. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Guy was previously housed at the Pendleton Correctional Facility. While at Pendleton, on March 18, 2022, he filed a case captioned *Guy v. Ottino*, Case No. 1:22-cv-00543-JMS-MJD in the United States District Court for the Southern District of Indiana. In that case, he sought recovery pursuant to 42 U.S.C. § 1983 for an alleged unlawful search and seizure that violated his rights under the Fourth Amendment, which was conducted by Indianapolis Metropolitan Police Department Officer Jason Brown and

Parole Agent Justin Ottino. *See* Case No. 1:22-cv-00543, DE # 1. At the end of February 2023, Guy was transferred from Pendleton to Miami Correctional Facility. *See id.* at DE # 36; ECF 37. On April 5, 2023, Parole Agent Ottino filed a motion for summary judgment and Guy filed a motion for enlargement of time seeking a thirty-day extension of his deadline to file a motion for summary judgment. *See id.* at DE ## 38, 44. The next day, Officer Brown filed his motion for summary judgment. *See id.* at DE # 41. On April 27, 2023, the court granted Guy's motion for enlargement of time and gave him until May 8, 2023, to file a motion for summary judgment or respond to the defendants' motions for summary judgment. *See id.* at DE # 45.

That same day, on April 27, 2023, Guy submitted a law library request form asking to be scheduled for the law library on or before May 8, 2023. DE # 1 at 3. In addition to submitting a law library request form, Guy told Law Library Supervisor Steven White he needed access to legal reference materials in the law library to prepare his court filings. *Id.* at 4. However, he alleges Law Library Supervisor White did not respond to him and failed to acknowledge his court ordered deadline, even though he knew about the May 8, 2023, deadline through his request slips and his May 11, 2023, grievance complaining he had been denied access to the law library. *Id.* at 4-5.

Guy next asserts that Captain M. Morson also knew about the May 8, 2023, deadline requiring him to file a motion for summary judgment or respond to the defendants' motions for summary judgment, but he did not help him access the law library prior to the deadline. *Id.* He avers that Captain Morson denied his request to use the law library because he was in a locked down housing unit. *Id.* at 5.

2

On July 24, 2023, the Southern District Court in *Guy v. Ottino*, Case No. 1:22-cv-00543, issued an order granting the defendants' motions for summary judgment and dismissed the case. *See* Case No. 1:22-cv-00543, DE ## 47, 48. In its ruling, the court noted that Guy failed to respond to the defendants' summary judgment motions and the time to do so had passed. *See id.* at DE # 47. Because he was not able to timely file a motion for summary judgment or respond to the defendants' motions for summary judgment, Guy asserts Law Library Supervisor White and Captain Morson violated his First Amendment right to access the court when they denied his requests to use the law library and legal reference materials he needed to prepare his filings by the May 8, 2023, deadline.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351

3

(1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Accordingly, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Guy must "spell out, in minimal detail, the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious claim." *Id*.

While Guy asserts that Law Library Supervisor White and Captain Morson violated his First Amendment right to access the courts, he has not plausibly alleged that it was the lack of law library access that caused him harm rather than his allowing the May 8, 2023, deadline to expire without requesting additional time. On April 5, 2023, after Guy had been moved to Miami Correctional Facility, he filled out a preprinted form motion titled "Motion For Enlargement Of Time Within Which To File Motion For Summary Judgment" seeking a thirty-day extension of his deadline to file a motion for summary judgment. *See* Case No. 1:22-cv-00543, DE # 44. On the preprinted motion, in

4

statement number three, Guy represented he had "diligently attempted to file his Motion for Summary Judgment, although hav[ing] been denied access to any legal materials, and hav[ing] not been allowed to access the Law Library." *See id.* On April 27, 2023, the Southern District Court granted Guy's motion and he was given until May 8, 2023, to file his motion for summary judgment or respond to the defendants' motions for summary judgment. *See id.* at DE # 45.

Thus, Gray has shown he has been able to file a motion for enlargement of time and did not need access to the law library to do so. He has provided no explanation for why he did not move for an enlargement of time in the present case once he knew he would not have timely access to the law library. Because Guy could have sought additional time to file his motion for summary judgment or respond to the defendants' motions for summary judgment, the defendants did not cause *Guy v. Ottino*, Case No. 1:22-cv-00543 to be dismissed. Instead, Guy himself caused the dismissal. In other words, lack of access to the law library was not the reason the case was dismissed. Furthermore, Guy had ample time to file a motion for enlargement of time because the Southern District Court dismissed *Guy v. Ottino*, Case No. 1:22-cv-00543, on July 24, 2023, which was two and one-half months after Guy's May 8, 2023, deadline to file a summary judgment motion or respond to the defendants' motions for summary judgment. For all of these reasons, Guy has not stated a claim.

The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to

deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

DATED: January 23, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

6